# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-CA-00012-SCT

*LAVON KAY PITALO*

*v.*

*GPCH-GP, INC. d/b/a GARDEN PARK MEDICAL CENTER, AND DR. RONALD GRAHAM*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/25/2004 |
| TRIAL JUDGE: | HON. STEPHEN B. SIMPSON |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAVID C. MORRISON |
| ATTORNEYS FOR APPELLEES: | WILLIAM E. WHITFIELD, III |
| | GEORGE F. BLOSS, III |
| | MARY MARGARET ALEXANDER |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED - 05/04/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, JUSTICE, FOR THE COURT:**

¶1. Lavon Kay Pitalo appeals from a judgment of dismissal of her medical negligence complaint against Garden Park Memorial Center and Dr. Ronald Graham for failure to comply with notice provisions provided by Miss. Code Ann. Section 15-1-36(15) (Rev. 2003). We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Pitalo, a patient of Dr. Graham, was admitted to Garden Park on October 1, 2001, for shoulder surgery. The procedure was uneventful, and she was discharged the following

morning. Pitalo alleged that within twenty-four hours of being released by Dr. Graham, she was rushed to the emergency room at Ocean Springs Hospital where she was diagnosed and treated for a collapsed lung. Pitalo's condition required surgical insertion of a chest tube, and she was re-hospitalized for almost a week.

¶3. On September 25, 2003, Pitalo filed a lawsuit against Dr. Graham and Garden Park alleging negligence in their ignoring her numerous complaints of chest pain and their failure to examine her before releasing her from the hospital. Her amended complaint was filed on June 2, 2004. Thereafter, Dr. Graham and Garden Park collectively renewed their previously filed Motions to Dismiss based on the statute of limitations, notice of claim, and failure of Pitalo to file the required certificate with her complaint pursuant to Miss. Code Ann. Sections 15-1-36 (Rev. 2003) and 11-1-58 (Rev. 2002). A Judgment of Dismissal was granted on October 26, 2004, and following consideration of post-trial motions, a timely appeal was filed.

## ANALYSIS

**Whether it was Error for the Circuit Court to Dismiss Pitalo's Cause of Action for Failure to Comply with Miss. Code Ann. Section 15-1-36?**

¶4. On appeal, Pitalo argues it was error for the trial court to dismiss her cause of action because she failed to send a letter to the defendant as provided in Miss. Code Ann. Section 15-1-36(15) (Rev. 2003). Miss. Code Ann. Section 15-1-36 was amended in the special session of the Mississippi Legislature on tort reform in 2002. Section 15 was added and became effective January 1, 2003. It requires that an action based on professional negligence

2

of a health care provider may not begin unless the defendant has been given at least 60 days prior written notice of the intention to begin the action.[1]

¶5.     When interpreting a statute that is not ambiguous, this Court will apply the plain meaning of the statute. *Claypool v. Mladineo*, 724 So. 2d 373, 382 (Miss. 1998). In construing a statute, the Court must seek the intention of the Legislature, and knowing it, must adopt that interpretation which will meet the real meaning of the Legislature. *Evans v. Boyle Flying Service, Inc.*, 680 So. 2d 821, 825 (Miss. 1996). When drafting Miss. Code Ann. Section 15-1-36(15), the Legislature did not incorporate any given exceptions to this rule which would alleviate the prerequisite condition of prior written notice. Simply stated, "shall" is mandatory, while "may" is discretionary. *Franklin v. Franklin*, 858 So. 2d 110, 114 (Miss. 2003). Pitalo's failure to send notice of her intent to sue clearly violates the mandatory instructions concerning notice in Miss. Code Ann. Section 12-1-36(15).

---

[1]The statute specifically states:

No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action. No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered. If the notice is served within sixty (60) days prior to the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others. This subsection shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name.

Miss. Code Ann. § 15-1-36(15) (Rev. 2003).

3

¶6.    Pitalo contends that even though she failed to provide notice of her intent to sue, the circuit court's dismissal of her action violates our holding in *Jackson v. City of Wiggins*, 760 So. 2d 694 (Miss. 2000).  Pitalo's claim is clearly distinguishable from *Jackson* as the present case concerns medical negligence actions under Miss. Code Ann. Section 15-1-36 (Rev. 2003) - not the Mississippi Tort Claims Act, and Pitalo did not at any time attempt to send a notice of intent to sue to Dr. Graham or Garden Park, as had been done in *Jackson*. Pitalo's arguments do not excuse the absence of notice of an intent to sue being sent to the defendants in the present case.

## CONCLUSION

¶7.    Pitalo's failure to send to defendants a notice of intent to sue is an inexcusable deviation from the Legislature's requirements for process and notice under Miss. Code Ann. Section 15-1-36(15), and such failure warrants dismissal of her claim.  Accordingly, we affirm the judgment of the circuit court.

¶8.    **AFFIRMED.**

**SMITH, C.J., COBB, P.J., CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. EASLEY AND GRAVES, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION. DIAZ, J., NOT PARTICIPATING.**