## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-CA-01118-SCT

*ROBERT LEE SAUL*

*v.*

*YVONNE JENKINS d/b/a EXTRA CARE*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/26/2006 |
| TRIAL JUDGE: | HON. BILLY JOE LANDRUM |
| COURT FROM WHICH APPEALED: | JONES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOHN N. SATCHER, II |
| | GARY D. THRASH |
| ATTORNEY FOR APPELLEE: | ERIC A. TIEBAUER |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND REMANDED - 08/30/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., EASLEY AND GRAVES, JJ.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     This case involves the applicability of medical malpractice notice requirements to unlicensed health care providers.  Because we find that licensing is a prerequisite for a defendant to assert the protections afforded by Mississippi's limitations to medical malpractice actions, we reverse the trial court's dismissal of the suit and remand the case to the trial court for further proceedings.

**FACTS**

¶2.     Robert Lee Saul was placed into the care of Yvonne Jenkins and her nursing home, Extra Care, from May 5, 2004, through June 6, 2004. Saul was in stable condition when he arrived at Extra Care, but within two months, his condition had deteriorated precipitously. On June 6, 2004, he was admitted to South Central Regional Medical Hospital and was diagnosed with sepsis, pneumonia, dehydration, and severe bed sores. He did not return to Jenkins's facility.

¶3.     Saul filed a negligence lawsuit against Jenkins d/b/a Extra Care in the Jones County Circuit Court on January 10, 2006. Jenkins moved to dismiss the suit, arguing that Saul failed to comply with Mississippi Code Annotated section 11-1-58 (Supp. 2006), which requires a plaintiff in a medical malpractice suit to file a certificate of consultation stating that her attorney has consulted at least one qualified expert. Saul responded, arguing: (1) that at the time of filing, Jenkins was not a licensed healthcare provider within the meaning of Mississippi Code Annotated section 11-1-58, and consequently, the section did not apply; or, in the alternative, (2) that pursuant to an exception in section 11-1-58(4), Saul was not required to file the certificate of consultation because Jenkins would not produce any files or records of Saul's treatment and care for medical review.

¶4.     At the trial court's hearing on the motion to dismiss, Jenkins also argued that Saul failed to comply with the sixty-day notice requirements of Mississippi Code Annotated section 15-1-36(15) (Rev. 2003). Saul maintained that Jenkins was neither licensed nor certified to provide health care and therefore ineligible for the protections of section 15-1-36(15). The trial court granted Jenkins's motion to dismiss, finding that Jenkins's facility was a protected entity, entitled to the same sixty-day notice requirement as a licensed

healthcare provider, and that Saul had failed to provide proper notice. Saul subsequently perfected this appeal, maintaining that Jenkins was not entitled to invoke the sixty-day notice requirement because she failed to plead this defense in a responsive pleading or argue it at the hearing, and that Jenkins cannot invoke the notice requirement in any event, because she is not a licensed health care provider.

## DISCUSSION

¶5. We review de novo a dismissal for failure to state a claim upon which relief can be granted, and will affirm only if the defendant can show beyond doubt that the law offers the plaintiff no possible remedy. Miss. R. Civ. P. 12(b)(6). *Ralph Walker, Inc. v. Gallagher*, 926 So. 2d 890 (Miss. 2006). In considering the grant of a motion to dismiss, "the allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond reasonable doubt that the plaintiff will be unable to prove any set of facts in support of her claim." *Howard v. Estate of Harper*, 947 So. 2d 854, 856 (Miss. 2006). Because the trial court never reached the question of whether Jenkins was licensed or qualified for health-care provider classification, we will determine only whether licensing is required in order to receive the protection of Mississippi Code Annotated section 15-1-36(15).

¶6. Saul first argues that Jenkins was not entitled to invoke the sixty-day notice requirement of section 15-1-36(15) because she failed to plead or argue the applicability of the notice requirement. However, we consistently have found that the notice requirement of section 15-1-36(15) is mandatory and jurisdictional, and that, consequently, a defendant need

not plead or argue it as a defense.  *Arceo v. Tolliver*, 949 So. 2d 691, 695 (Miss. 2006) (citing *Pitalo v. GPCH-GP, Inc.*, 933 So. 2d 927, 928-929 (Miss. 2006)).  While there was no procedural bar to the application of the notice requirement, we must consider whether the notice requirement of section 15-1-36(15) is applicable to an entity such as Extra Care.

¶7.     Jenkins argues that Extra Care, as a health care provider, is a party contemplated by section 15-1-36, which details the limitations placed on medical malpractice suits.  In construing a statute, we seek the intention of the Legislature and adopt that interpretation which will reflect the intended meaning of the Legislature. *Arceo*, 949 So. 2d at 695; *Pitalo*, 933 So. 2d at 928-929 (citing *Evans v. Boyle Flying Service, Inc.*, 680 So. 2d 821, 825 (Miss. 1996)).

¶8.     Under Section 15-1-36(1), no tort claim may be brought

> ". . . against **a licensed** physician, osteopath, dentist, hospital, **institution for the aged or infirm**, nurse, pharmacist, podiatrist, optometrist or chiropractor for injuries or wrongful death arising out of the course of medical, surgical or other professional services unless it is filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered."

In addition to this two-year statute of limitations, Section 15-1-36(15) requires plaintiffs to provide sixty days' notice of intention to commence an action:

> (15) No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action. No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered. If the notice is served within sixty (60) days prior to the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others. This subsection shall not be applicable with respect to any defendant whose name is unknown to the

4

plaintiff at the time of filing the complaint and who is identified therein by a fictitious name.

The question is whether a health care provider must be licensed in order to avail itself of the limitations imposed by Section 15-1-36.

¶9. Mississippi law requires that institutions for the aged or infirm be licensed. Miss. Code Ann. § 43-11-5 (Rev. 2004) ("No person, acting severally or jointly with any other person, shall establish, conduct, or maintain an institution for the aged or infirm in this state without a license."). Operating such an institution without a license is illegal per se. Miss. Code Ann. § 43-11-25 (Rev. 2004) ("Any person establishing, conducting, managing or operating an institution for the aged or infirm without a license under this chapter shall be guilty of a misdemeanor."). This licensing requirement exists to insure safe, sanitary, and reasonably adequate care of individuals while under the care of nursing home facilities. Miss. Code Ann. § 43-11-3 (Rev. 2004).

¶10. Section 15-1-36, by its plain terms, applies only to those health care providers that have been licensed to provide medical services. Extending notice protections to unlicensed individuals rewards a disregard for the law, because it affords unlicensed institutions the same benefits as licensed, law-abiding institutions. This result runs contrary to the plain meaning of section 15-1-36(15) and to the laws requiring licensing for institutions for the aged or infirm.

¶11. It is not clear from the record whether Extra Care was a licensed health care provider entitled to the notice requirement of section 15-1-36(15). If Jenkins's own description of Extra Care as a nursing home is accurate, then it could not avail itself of the notice

5

requirement unless it was a licensed institution as required by section 43-11-5. If Jenkins lacked a proper license during this time, she is not entitled to the same protections given to those properly licensed institutions contemplated by section 15-1-36.

## CONCLUSION

¶12.    Because the status of Extra Care is a material issue of fact, the trial court erred in granting the motion to dismiss. We therefore reverse the dismissal and remand the action to the trial court for proceedings consistent with this opinion.

¶13.    **REVERSED AND REMANDED.**

**SMITH, C.J., EASLEY, CARLSON, GRAVES, DICKINSON, RANDOLPH AND LAMAR, JJ., CONCUR.  DIAZ, P.J., CONCURS IN RESULT ONLY.**