# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CA-00224-SCT

*SALVADOR ARCEO, M.D., AND ST. DOMINIC-JACKSON MEMORIAL HOSPITAL*

*v.*

*MYRTIS TOLLIVER, AS ADMINISTRATRIX OF THE ESTATE OF TOMMIE C. TOLLIVER, DECEASED, AND INDIVIDUALLY, AND THE WRONGFUL DEATH BENEFICIARIES OF TOMMIE C. TOLLIVER, DECEASED*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/09/2008 |
| TRIAL JUDGE: | HON. BOBBY BURT DELAUGHTER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | PAUL E. BARNES |
| | KIMBERLY N. HOWLAND |
| | GRETCHEN W. KIMBLE |
| | SHARON F. BRIDGES |
| | JONATHAN R. WERNE |
| ATTORNEYS FOR APPELLEE: | W. ANDREW NEELY |
| | W. ERIC STRACENER |
| | E. VINCENT DAVIS |
| | DEBORAH McDONALD |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART- 08/20/2009 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### EN BANC.

### WALLER, CHIEF JUSTICE, FOR THE COURT:

¶1. Salvador Arceo, M.D., and St. Dominic-Jackson Memorial Hospital seek review of the second dismissal without prejudice of Myrtis Tolliver's medical malpractice claim for failure to comply with the notice provisions of Mississippi Code Section 15-1-36(15).

## FACTS AND PROCEDURAL HISTORY

¶2. This is the second appearance of these parties before this Court. *Arceo v. Tolliver*, 949 So. 2d 691 (Miss. 2006) (*"Tolliver I")*. As in that first appearance on interlocutory appeal, this appeal deals with interpretation and application of the notice requirement for initiation of medical malpractice suits pursuant to Mississippi Code Section 15-1-36.

¶3. On July 9, 2002, Tommie C. Tolliver ("Tommie"), daughter of Appellee Myrtis Tolliver ("Tolliver"), was seen and evaluated in the emergency room at St. Dominic-Jackson Memorial Hospital. *Tolliver I*, 949 So. 2d at 692.[1] Over the course of several days, Tommie was treated by Dr. Salvador Arceo and various hospital employees for meningococcal meningitis and sepsis. *Id*. On July 13, 2002, Tommie died. *Id*.

¶4. On June 4, 2004, Tolliver filed a complaint for medical malpractice and negligence against Dr. Arceo and John and Jane Doe defendants in Hinds County Circuit Court. *Id*. Tolliver filed a first amended complaint on June 25, 2004, and on July 23, 2004, filed a second amended complaint.[2] *Id*. Tolliver failed to provide the notice required by Mississippi

---

[1]This Court's opinion in *Arceo v. Tolliver* will hereinafter be cited and referenced as *Tolliver I*.

[2] The original complaint was styled "Myrtis Tolliver, On Behalf of Tommie C. Tolliver, Deceased v. Salvador Arceo, M.D., and John and Jane Does 1-5." The first amended complaint was styled "Myrtis Tolliver, as Administratrix of the Estate of Tommie C. Tolliver, Deceased, Individually, and on Behalf of the Wrongful Death Beneficiaries of Tommie C. Tolliver, Deceased v. St. Dominic-Jackson Memorial Hospital; Salvador Arceo, M.D.; Amy Morehead, R.N.; (FNU) Cleveland, R.N.; and John and Jane Does 1-7." The

2

Code Section 15-1-36(15) prior to the filing of these complaints. *Id*. at 693, Miss. Code Ann. § 15-1-36(15) (Rev. 2003).

¶5.    Dr. Arceo filed a motion to dismiss, or in the alternative, for summary judgment, which the trial court denied. *Id*. Thereafter, Dr. Arceo and St. Dominic petitioned this Court for interlocutory appeal, which was granted. *Id*. This Court reversed the trial court's denial of the motion to dismiss, or in the alternative, for summary judgment, and rendered judgment in favor of Dr. Arceo and St. Dominic, dismissing Tolliver's second amended complaint without prejudice for failure to provide the required pre-suit notice.[3] *Id*. at 697-98. The Clerk of the Supreme Court issued a mandate dismissing the original action without prejudice on March 15, 2007.

¶6.    On February 28, 2007, approximately two weeks before the mandate issued, Tolliver forwarded letters to Dr. Arceo and St. Dominic, which read, "This letter is being sent pursuant to Section 15-1-36(15) of the Mississippi Code of 1972, as amended. This letter is to inform you of our intention to file suit on behalf of Tommie Tolliver. The basis of the suit is negligence." The letter closed with an invitation to discuss an amicable settlement. On May 9, 2007, Tolliver filed another complaint, initiating the present action (*"Tolliver II"*).

---

second amended complaint had the identical style, except that, with the first name of Nurse Cleveland having been determined, "(FNU) Cleveland, R.N.," was amended to read "Stephanie Cleveland, R.N." *Tolliver I*, 949 So. 2d at 693.

[3] This Court reached only the issue of whether dismissal was required for non-compliance with section 15-1-36(15), stating: "[b]ecause of our disposition of the statutory notice issue consistent with our recent decision in *Pitalo*, the remaining issues raised by the parties need not be addressed." *Tolliver I*, 949 So. 2d at 697.

¶7. Dr. Arceo and St. Dominic again filed a motion for summary judgment with prejudice for Tolliver's failure once again to comply with the statutory notice requirements and/or running of the statute of limitation. The trial court heard oral argument on the motion for summary judgment and thereafter entered an order dismissing Tolliver's lawsuit without prejudice. The trial court found the contents of Tolliver's February 28, 2007, notice to Dr. Arceo and St. Dominic did not substantially comply with the statutory requirements of Section 15-1-36(15). The trial court further found the statute of limitation had not expired, and that the savings statute applied, and declined to dismiss the cause with prejudice.

¶8. Aggrieved that summary judgment was not granted with prejudice, Dr. Arceo and St. Dominic timely perfected appeal to this Court. Dr. Arceo and St. Dominic assert four issues on appeal, which we paraphrase for brevity as: (1) whether the trial court erred in entering summary judgment without prejudice; (2) where the only issue was noncompliance with Mississippi Code Section 15-1-36, did the trial court err in applying a substantial-compliance standard; (3) whether the statute of limitation has expired; and (4) does the Mississippi "savings statute" apply to this matter.[4]

### DISCUSSION[5]

**I.     Whether the trial court erred in applying the substantial-compliance standard to the contents of a medical negligence statutory notice.**

---

[4]In her reply brief, Tolliver raises several other independent issues, including the constitutionality of the medical negligence notice statute and argues the trial court erred in granting the dismissal at all. However, Tolliver did not file a notice of cross-appeal or file a cross-appellant's brief, only a reply brief, and the issues are therefore not properly before this Court.

[5]For the sake of clarity, we have reworded and separated the issues.

4

¶9. The standard of review for questions of law is de novo. ***Powe v. Byrd***, 892 So. 2d 223, 227 (Miss. 2004). Statutory interpretation is a question of law subject to de novo review. ***Sheppard v. Miss. State Highway Patrol***, 693 So. 2d 1326, 1328 (Miss. 1997).

¶10. Mississippi Code Section 15-1-36(15) expressly requires a plaintiff to provide a defendant written notice of the intent to begin an action, and said notice must include the legal basis of a medical negligence claim and the type of loss sustained, including with specificity the nature of the injuries suffered. Miss. Code Ann. § 15-1-36(15) (Rev. 2003). This notice must be provided sixty days in advance of filing a lawsuit. ***Id.***

¶11. Dr. Arceo and St. Dominic maintain that, although the circuit court reached the right result, dismissal, the court erred by applying a substantial compliance standard to determine whether the content of Tolliver's February 28, 2007, notice conformed to the statutory requirements. According to Dr. Arceo and St. Dominic, because Tolliver left out an entire category of information required by Section 15-1-36(15), namely "the type of loss sustained, including with specificity the nature of the injuries suffered," the issue was simply compliance or noncompliance.

¶12. Tolliver argues that, under the facts of this case, a notice letter was not required. Specifically, Tolliver argues that because Dr. Arceo and St. Dominic were served with the complaint in ***Tolliver I***, the first and second amended complaints in ***Tolliver II***, and post-filing notice letters and engaged in over two years of litigation, Dr. Arceo and St. Dominic are fully aware of the legal bases of the claim and the type of loss sustained, including the nature of the injuries suffered. Therefore, she argues, any further written notice would be

5

moot. Tolliver alternatively argues that, even if notice was required before the filing of *Tolliver II*, the notice actually given was adequate under the circumstances.

¶13. As was fully discussed by this Court in *Tolliver I*, the statutory requirement of sixty days' written notice before filing a medical negligence suit is mandatory. Quoting *Pitalo v. GPCHP-GP, Inc.,* 933 So. 2d 927 (Miss. 2006), we stated that the Mississippi Legislature did not include any exceptions to the rule which would pretermit the written-notice prerequisite. *Tolliver I*, 949 So. 2d at 695 (quoting *Pitalo*, 933 So. 2d at 928-29). In the absence of any exceptions to the mandatory requirement, Tolliver's argument that circumstances dictate when or if written notice is required is without merit.

¶14. Nor is there any language in the statute which arguably could be construed to say that notice is not required when filing a second suit after dismissal of a first on the same cause of action. The language of the statute is unambiguous: "No action based upon the healthcare provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action." Miss. Code Ann. § 15-1-36(15) (Rev. 2003). The statute's notice requirement is not limited to the first filed action, but applies to all. Tolliver's assertion that no notice was required in this case is without merit.

¶15. With respect to the information which must be included in the prelitigation written notice, the statute states, "No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered." Miss. Code Ann. § 15-1-36(15) (Rev. 2003).

6

¶16. This Court repeatedly has applied the same standards of construction and application to the Medical Malpractice Tort Reform Act as those applied to the Mississippi Tort Claims Act ("MTCA"). *See, e.g., **Thomas v. Warden***, 999 So. 2d 842 (Miss. 2008) (quoting ***Wimley v. Reid***, 991 So. 2d 135 (Miss. 2008)); ***Tolliver I***, 949 So. 2d at 696 (citing ***Univ. of Miss. Med. Ctr. v. Easterling***, 928 So. 2d 815, 820 (Miss. 2006)). Therefore, we look to this body of law for clarity.

¶17. Like the Medical Malpractice Tort Reform Act, the MTCA requires written notice of a claim in advance of the filing of a lawsuit, a requirement which also is strictly applied. ***Easterling***, 928 So. 2d at 820-21. Where a claimant does provide written notice, we have adhered to the principle that substantial compliance is the standard for analyzing the *contents* of the notice to determine its sufficiency. ***Lee v. Mem'l Hosp. at Gulfport***, 999 So. 2d 1263 (Miss. 2008); ***Thomas v. Warden***, 999 So. 2d 842; ***Tolliver I***, 949 So. 2d at 696-97 & n.5. Sufficient information must be contained in the notice to permit the recipient to make a reasonable investigation of the claims being made. ***Lee***, 999 So. 2d at 1267.

¶18. Dr. Arceo and St. Dominic assert that Tolliver failed to include in her notice "the type of loss sustained, including with specificity the nature of the injuries suffered," one of the statute's designated categories of notice information. Tolliver does not dispute her notice failed to include this information, but rather argues again that, given the more than two years of litigation, neither Dr. Arceo nor St. Dominic legitimately can claim unawareness of the claimed loss and injuries suffered. She also claims that such information was unnecessary.

¶19. The statute does not provide an exception to notice requirements for medical negligence cases in which a defendant may have actual notice of the particulars of a claim,

7

nor does it provide a mechanism by which such an inquiry arguably could be made. The statute makes notice, with the required content, mandatory. This Court previously has rejected the argument that actual notice of a claim and its details obviates the necessity of written notice under the MTCA. *See* **South Cent. Reg'l Med. Ctr. v. Guffy**, 930 So. 2d 1252 (Miss. 2006) and **Fairley v. George Co.**, 871 So. 2d 713 (Miss. 2004). This assertion is therefore without merit.

¶20. Just as there are no exceptions to providing notice *vel non*, there are no exceptions to the requirement that notices provide information sufficient to fulfill the statutory notice purposes. The mandatory nature of the notice requirement is such that what the recipient may or may not actually have known is irrelevant.

¶21. With that framework in mind, it is readily apparent Tolliver's February 28, 2007, notice did not comply with the statute's requirements. Merely advising a medical practitioner of the intent to sue for negligence in no way satisfies the legislative requirement as enacted. The notice did not include any description of the alleged injuries and/or the type of loss sustained, as required by the statute. It stated only that Tolliver intended to file a negligence lawsuit.

¶22. We therefore conclude dismissal was appropriate, and the trial court's application of the substantial-compliance standard to the contents of Tolliver's February 28, 2007, notice was correct.

**II.    Whether Tolliver's February 28, 2007, notice triggered the sixty-day statute of limitation tolling period under Mississippi Code Section 15-1-36(15).**

8

¶23. Tolliver sent a notice to Dr. Arceo and St. Dominic on February 28, 2007. She argues the statute of limitation was tolled for sixty days as of February 28, 2007, such that her complaint filed on May 9, 2007, was within the remaining time (with tolling) of the statute of limitation.

¶24. The medical negligence statute does provide for a sixty-day tolling period once notice has been given. Miss. Code Ann. § 15-1-36(15) (Rev. 2003). However, we previously have noted that statutory pre-suit-notice tolling provisions are contingent upon complying with the notice requirements. *See Andrews v. Arceo,* 988 So. 2d 399, 402 (Miss. 2008) ("Therefore, had Andrews provided Dr. Arceo . . . with a written notice of intent to file suit against him . . . the statute of limitations would have been extended . . . .") and *Scaggs v. GPCH-CP, Inc*., 931 So. 2d 1274, 1277 (Miss. 2006) (". . . this Court finds whenever a plaintiff files the statutorily required sixty days of notice, the time to file an action is effectively extended by sixty days.")

¶25. In this case, the cause of action accrued no later than the death of Tolliver's daughter, July 13, 2002. In that event, the two-year statute of limitation would have expired on July 12, 2004, absent some tolling thereof.[6] Tolliver filed suit, though without the required notice, on June 4, 2004, thus tolling the statute of limitation. *Watters v. Stripling*, 675 So. 2d 1242, 1244 (Miss. 1996).

---

[6]2004 was a leap year. Additionally, because it is not an issue in this case, discussion of the 120-day tolling effect of Mississippi Rule of Civil Procedure 4(h) is unnecessary.

¶26. At that time, thirty-eight days remained in the limitation period. That thirty-eight-day period began to run again on the date this Court issued its mandate in *Tolliver I*, March 15, 2007, and expired on April 23, 2007,[7] again absent some tolling or suspension thereof.

¶27. Here, Tolliver sent a notice, but, as discussed above, it was noncompliant with the statute's requirements. As a result, simply stated, the noncompliant notice was of no legal effect. *Thomas v. Warden*, 999 So. 2d 842, 846 (Miss. 2008).

¶28. Because there was no effective notice to trigger the sixty-day tolling period of the applicable statute, the limitation period expired on April 22, 2007. The trial court therefore erred in finding the statute of limitation had not expired by the time *Tolliver II* was filed.

**III.    Whether the "savings statute" applies to the claim.**

¶29. Statutory interpretation is a matter of law which this Court reviews de novo. *Donald v. Amoco Prod. Co.*, 735 So. 2d 161, 165 (Miss. 1999).

¶30. Tolliver argues that Mississippi Code Section 15-1-69, popularly known as the "savings statute," applies to save her cause of action from being time-barred. This statute provides:

> If in any action, duly commenced within the time allowed, the writ shall be abated, or the action otherwise avoided or defeated, by the death of any party thereto, or for any matter of form . . . the plaintiff may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit.

Miss. Code Ann. § 15-1-69 (Rev. 2003).

---

[7]The statute of limitation technically would have expired on April 22, 2007; however, that was a Sunday.

¶31. If this statute is to apply, it must do so as a dismissal for a matter of form after being duly commenced. Dr. Arceo and St. Dominic assert that, because Tolliver failed to comply with the statutory notice requirement, she had no legal right to file suit, therefore no suit filed by Tolliver has been duly commenced, and the provisions of the savings statute do not apply.

¶32. The savings statute was first enacted in 1848, more than 130 years before the adoption of the Mississippi Rules of Civil Procedure. In the Twenty-First Century, the commencement of a lawsuit is governed by Mississippi Rule of Civil Procedure 3(a), which states that a civil action is commenced by filing a complaint with the court. Further, the complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief and a demand for judgment for the relief to which he deems himself entitled, including relief in the alternative. M.R.C.P. 8(c).

¶33. To the extent a legislative act purports to abridge the judicial branch's authority to promulgate rules and procedures for the conduct of business in its courts, we previously have held it encroaches upon judicial authority in contravention of constitutional separation of powers. *Wimley v. Reid*, 991 So. 2d 135 (Miss. 2008). Certainly the Legislature may enact pre-suit requirements. That prerogative also has been recognized, as well as our duty to enforce such requirements. *Id.* Failure to comply with pre-suit requirements will result in dismissal, as Tolliver is well aware from her first appearance before this Court.

¶34. Nevertheless, the commencement of litigation is determined by the Rules of Civil Procedure, not the requirements which may have existed prior to their adoption, nor pre-suit statutory requirements which do not govern judicial procedural rules. For purposes of the

11

savings statute in a Rules world, "duly commenced" is a cause commenced consistent with the requirements of the Rules. Otherwise, whether or not the savings statute applies in a given circumstance remains unchanged.

¶35.  Caselaw does not define specific "elements" required for a suit to be duly commenced for purposes of the savings statute, though this Court previously has discussed application of the savings statute. The seminal case, still quoted and cited as authority, on this issue is *Hawkins v. Scottish Union & National Insurance Company*, 110 Miss. 23 (1915).

¶36.  The savings statute is "highly remedial . . . and ought to be liberally construed for the accomplishment of the purpose for which it was designed, namely, to save one who has brought his suit within the time limited by law from loss of his right of action by reason of accident or inadvertence, and it would be a narrow construction of that statute to say that because, if plaintiff had, by mistake, attempted to assert his right in a court having no jurisdiction, he is not entitled to the benefit of it." *Id.*

¶37.  Although *Hawkins* is of considerable vintage, it is still the standard by which we have continued to measure application of the savings statute throughout the intervening decades. *See, e.g., Crawford v. Morris Transp., Inc.*, 990 So. 2d 162, 170 (Miss. 2008); *Ryan v. Wardlaw*, 382 So. 2d 1078 (Miss. 1980); and *Frederick Smith Enter. Co. v. Lucas*, 204 Miss. 43 (1948).

¶38.  We previously have observed that notice is "a pre-suit prerequisite to a claimant's right to file suit." *Thomas*, 999 So. 2d at 847. It does not, however, touch on the merits of the claim; Tolliver failed to follow the statutory requirement. Such situations fall within the purview of the remedial savings statute. "Where the plaintiff has been defeated by some

12

matter not affecting the merits, some defect or informality, which he can remedy or avoid by a new process, the statute shall not prevent him from doing so, provided he follows it promptly, by suit within a year." ***Hawkins,*** 110 Miss. at 31.

¶39.  ***Tolliver I*** was dismissed due to failure of the plaintiff to comply with the statutory notice requirement.  Dismissal was therefore proper, which we determined on interlocutory appeal, a mandate memorializing that decision being issued on March 15, 2007.  Being a dismissal for failure to provide the statutory notice, ***Tolliver I*** falls within the parameters of a matter of form such that the savings statute applied.  Therefore, the one-year clock began to run concurrently with the remaining thirty-eight days in the limitation period on March 15, 2007, and ended on March 14, 2008.[8]  Tolliver had this year in which to refile her suit.[9]

¶40.  Tolliver did file a second complaint on May 9, 2007.  The auspices of the savings statute made this permissible, as the trial court correctly determined.

**IV.    Whether the cause of action should have been dismissed with prejudice.**

¶41.  Dr. Arceo and St. Dominic make two arguments that the trial court should have dismissed this matter with prejudice, rather than without prejudice.  First, they argue Tolliver's  failure to comply with the statutory notice requirements, despite being given repeated opportunities to do so and, presumably, with actual knowledge that she must do so,

---

[8]2008 was a leap year.

[9]In the present case, good faith in initiating the action under the savings statute was never raised before the trial court and therefore is not before us for decision.  In the absence of good faith in initiating an action, the savings statute offers no shelter to a litigant. ***Hawkins***, 110 Miss. at 29-30.  *See also **Marshall v. Kan. City S. Ry. Co.***, 7 So. 3d 210, 214 (Miss. 2009).

warrants a dismissal with prejudice. Second, they argue the statute of limitation has expired, so that the cause of action is now barred.

¶42. Ordinarily, dismissal without prejudice is appropriate where, as here, dismissal of a suit was based upon a plaintiff's failure to comply with statutory pre-suit notice provisions not governed by the Mississippi Rules of Procedure. *See Tolliver I*, 949 So. 2d at 697-98 (citing *Pitalo v. GPCHP-GP, Inc.,* 933 So. 2d 927, 928-29 (Miss. 2006)). However, in all civil suits, where a suit is dismissed for any reason and the statute of limitation has expired, dismissal with prejudice is warranted. *Tolliver v. Mladineo,* 987 So. 2d 989, 996-97 (Miss. 2007) and *Watters v. Stripling*, 675 So. 2d 1242, 1243, 1244 (Miss. 1996). This is the required outcome, unless some other mechanism applies to take the case out of that general rule.

¶43. With respect to the first contention, Dr. Arceo and St. Dominic appear to be arguing for sanctions in the form of dismissal with prejudice for what amounts to an intentional disregard of the applicable statute. When and under what circumstances such sanctions should be imposed is a separate body of law which neither Dr. Arceo nor St. Dominic has cited. Neither has, in fact, cited any authority for this argument. In the absence of such, we decline to address the argument. *Conley v. State*, 790 So. 2d 773, 784 (Miss. 2001). We proceed to the second contention.

¶44. The statute of limitation had expired by the time *Tolliver II* was filed. The only authority which permitted Tolliver's cause of action to be filed on May 9, 2007, was the savings statute. *Deposit Guar. Nat'l Bank v. Roberts*, 483 So. 2d 348, 355 (Miss. 1986).

14

¶45. A second suit commenced under the grace of the savings statute is still subject to the same affirmative defenses and substantive challenges as the original suit. *Canadian Nat'l /Ill. Centr. R. Co. v. Smith*, 926 So. 2d 839, 845 (Miss. 2006). The trial court recognized this and granted dismissal.

¶46. The savings statute, however, applies only to the "abatement or other determination of the original suit." Miss. Code Ann. § 15-1-69. The effect of this limitation on the application of the statute is to prohibit repeated refilings of the same cause of action. Once a party has utilized the benefit of the savings statute, it is not available to her again, as a second or third complaint can never be the original suit.

¶47. When the language used by the Legislature is plain and unambiguous and the statute conveys a clear and definite meaning, as here, we will have no occasion to resort to the rules of statutory interpretation. *Marx v. Broom*, 632 So. 2d 1315, 1318 (Miss. 1994). By the plain terms of the savings statute, its grace does not extend to save a second suit.

¶48. *Tolliver I* was "the original suit." *Tolliver II* was a subsequent suit, permitted to be filed because of the savings statute. Having used the opportunity to refile, *Tolliver II* was subject to the same rules of law as any other case, including application of the statute of limitation. That limitation period having expired with no further grace available to Tolliver, the trial court should have dismissed this cause with prejudice.

## CONCLUSION

¶49. We find the trial court was correct in finding that the savings statute applied to permit *Tolliver II* to be filed. We also affirm the trial court's dismissal of *Tolliver II* because of the failure to meet the substantial-compliance standard in the contents of Tolliver's claim notice.

15

However, the statute of limitation had expired prior to dismissal of ***Tolliver II***, and dismissal of that suit should have been with prejudice.

¶50. **AFFIRMED IN PART; REVERSED AND RENDERED IN PART.**

**CARLSON, P.J., DICKINSON, LAMAR AND PIERCE, JJ., CONCUR. RANDOLPH, J., CONCURS IN RESULT ONLY WITH SEPARATE WRITTEN OPINION. GRAVES, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, J. CHANDLER, J., NOT PARTICIPATING.**

**RANDOLPH, JUSTICE, CONCURRING IN RESULT ONLY:**

¶51. I agree with the Majority that Tolliver's suit should have been dismissed with prejudice. However, I reject the Majority's determination that this "situatio[n] falls within the purview of the remedial savings clause." A "duly commenced" action is essential to trigger application of the "savings statute." Miss. Code Ann. § 15-1-69 (Rev. 2003). In the absence of compliance with the pre-suit-notice requirements of Mississippi Code Section 15-1-36(15), a necessary "condition precedent" to filing suit thereunder, ***Wimley v. Reid***, 991 So. 2d 135, 139 (Miss. 2008), no "duly commenced" action may exist. Miss. Code Ann. § 15-1-69. Therefore, satisfaction of the pre-suit-notice requirements is not a mere "matter of form" (Maj. Op. at ¶ 39), but rather a prerequisite to a "duly commenced" action. Without such notice, the "savings clause" is inapplicable.

¶52. Less than one year ago, in ***Wimley***, this Court firmly proclaimed that "we guard . . . diligently the Legislature's prerogative to set forth in legislation whatever substantive, pre-suit requirements for causes of action, and prerequisites to filing suit, it deems appropriate." ***Wimley***, 991 So. 2d at 139. This Court elaborated further that

> pre-suit requirements are clearly within the purview of the Legislature, and do not encroach upon this Court's rule-making responsibility. Indeed, we

16

consistently have held that *the Legislature has authority to establish presuit requirements as a condition precedent to filing particular kinds of lawsuits.* For instance, the Legislature promulgated, and we have enforced, Section 11-46-11(1), which requires that notice be provided to the putative defendant prior to bringing a claim under the Mississippi Tort Claims Act. Miss. Code Ann. § 11-46-11(1) (Rev. 2002). *Similarly, the Legislature promulgated, and we have enforced, Section 15-1-36(15)'s requirement of notice prior to bringing a medical-negligence claim.* Miss. Code Ann. § 15-1-36(15) (Rev. 2003); *see e.g. Arceo v. Tolliver*, 949 So. 2d 691, 693-97 (Miss. 2006) (strictly construing and applying statute which requires plaintiffs to give notice *before commencing* a medical negligence action).

*Wimley*, 991 So. 2d at 139 (emphasis added). *See also Thomas v. Warden*, 999 So. 2d 842, 847 (Miss. 2008) (a Section 15-1-36(15) case in which this Court avowed that "[t]he Legislature's authority to make law gives way to this Court's rule-making authority when the suit is filed, not before"); *Forest Hill Nursing Ctr. v. Brister*, 992 So. 2d 1179, 1189 (Miss. 2008) ("we clearly acknowledged in *Wimley* the Legislature's constitutional authority to set out *pre-suit requirements . . . .*") (emphasis added).

¶53.     The sixty-day-notice requirement of Section 15-1-36(15) has been strictly construed by this Court. *See Williams v. Skelton*, 6 So. 3d 428, 430 (Miss. 2009) (quoting *Williams v. Skelton*, 6 So. 3d 433, 435 (Miss. Ct. App. 2008)) ("[w]e agree with the Court of Appeals that this Court 'has required strict compliance with the mandates of Mississippi Code Annotated Section 15-1-36 such that *failure to satisfy* the *pre-suit notice requirement mandates dismissal* of the plaintiff's complaint'") (emphasis added); *Thomas*, 999 So. 2d at 847 ("[b]ecause Thomas failed to provide a sixty-day notice as required by Section 15-1-36(15), we must affirm the trial court's dismissal of the complaint"); *Brister*, 992 So. 2d at 1188 ("Mississippi Code Annotated Section 15-1-36(15) clearly states that *no action may be begun* without prior notice.") (emphasis added); *Saul v. Jenkins*, 963 So. 2d 552, 554 (Miss.

17

2007) ("Section 15-1-36(15) *requires* plaintiffs to provide sixty days' *notice* of intention *to commence an action . . . .*") (emphasis added); ***Arceo***, 949 So. 2d at 694-97; ***Pitalo v. GPCH-GP, Inc.***, 933 So. 2d 927, 929 (Miss. 2006) (Section 15-1-36(15) "requires that an *action* based on professional negligence of a health care provider *may not begin unless* the defendant has been *given* at least 60 days prior written *notice* of the intention to begin the action.") (emphasis added).  Simply stated, "[w]hen drafting Miss. Code Ann. Section 15-1-36(15), the Legislature did not incorporate any given exceptions to this rule which would alleviate the *prerequisite condition* of prior written *notice*."  ***Pitalo***, 933 So. 2d at 929 (emphasis added).  "Section 15-1-36(15)'s notice requirement is a *pre-suit prerequisite* to a *claimant's right to file suit*."  ***Thomas***, 999 So. 2d at 847 (emphasis added).

¶54.    The Majority acknowledges that the sixty-day-notice requirement of Section 15-1-36(15) is "unambiguous," and adds that "there are no exceptions to providing notice . . . ." (Maj. Op. at ¶¶ 14, 20).  But then the Majority finds that the "dismissal for failure to provide . . . statutory notice [in] ***Tolliver I*** falls within the parameters of a *matter of form* such that the savings statute applied . . . ." (Maj. Op. at ¶ 39) (emphasis added).  Finally, the Majority concludes that ***Tolliver II*** was "permitted to be filed because of the savings statute."  (Maj. Op. at ¶ 48).  The effect of this conclusion is an unspoken repudiation of the proposition that the legislatively-mandated pre-suit-notice requirements of Section 15-1-36(15) constitutes "a *condition precedent to filing* particular kinds of *lawsuits*."  ***Wimley***, 991 So. 2d at 139 (emphasis added).  *See also* ***Thomas***, 999 So. 2d at 846 ("because the defendants in this case did not have 'sixty (60) days' prior written notice of the intention to begin the action,' this *lawsuit* was *not lawfully filed*, and *it is of no legal effect*") (emphasis added).

18

¶55. The right to sue is conditioned upon fulfillment of the statutory notice requirement. "It is certainly an undisputable and invariable rule of law that a right of action must be complete when an action therefor is commenced . . . ." ***Crawford Commercial Constructors, Inc. v. Marine Indus. Residential Insulation, Inc.***, 437 So. 2d 15, 16 (Miss. 1983) (quoting ***Ga. Pac. Ry. Co. v. Baird***, 76 Miss. 521, 24 So. 195, 196 (1898)). Thus, in the absence of satisfying the statutory notice requirement, the right of action is not complete and, therefore, no "duly commenced" civil action can exist.

¶56. To hold otherwise nullifies the legislatively-enacted, pre-suit-notice requirements of Section 15-1-36(15) and repudiates the prior holdings of this very Court. *See* ¶ 53 *supra*. Today's ruling grants litigants license to spurn legislative directives, and rewards those who intentionally fail to follow statutorily-prescribed conduct. "While the right under our state and federal constitutions to access to our courts is a matter beyond debate, this right is coupled with responsibility, including the responsibility to comply with legislative enactments, rules, and judicial decisions." ***Arceo***, 949 So. 2d at 697. Nullification of statutory requirements, absent constitutional infirmity, is a decision for the Legislature, not this Court.

¶57. I find the Majority's description of the interplay between Section 15-1-36(15) and tolling to be confusing at best, inconsistent as stated, following no logical reason and offering no precedent to address the obvious inconsistency. First, the Majority holds that "statutory pre-suit-notice tolling provisions are contingent upon complying with the notice requirements." (Maj. Op. at ¶ 24). The reasoning and precedent are clear, as noncompliant notice is "of no legal effect." (Maj. Op. at ¶ 27) (citing ***Thomas***, 999 So. 2d at 846). But

19

then the Majority strays from this foundational reasoning and our caselaw, presumptively declaring that "Tolliver filed suit, *though without the required notice*, on June 4, 2004, *thus tolling* the statute of limitation." (Maj. Op. at ¶ 25) (citing ***Watters v. Stripling***, 675 So. 2d 1242, 1244 (Miss. 1996)) (emphasis added). In concluding that filing without notice serves to toll the statute of limitations, the Majority is silent as to its first premise, that noncompliant notice is of *no legal effect*.

¶58. Reliance upon ***Watters*** is misplaced, as that case is clearly distinguishable. The issue addressed in ***Watters*** was "whether an action is properly dismissed if service is not effectuated within 120 days after filing, absent good cause." ***Watters***, 675 So. 2d at 1243. Unlike the pre-suit-notice requirements of Section 15-1-36(15), "clearly within the purview of the Legislature," ***Wimley***, 991 So. 2d at 139, the failure to serve is a subject clearly within the realm of "this Court's rule-making responsibility." ***Id***. As such, our precedent dictates that the failure to abide by such pre-suit-notice requirements forecloses the possibility of a "duly commenced," legally effective complaint. As Tolliver's complaint "is of no legal effect" (including, *inter alia*, not "duly commenced"), no consideration should be given to the "savings statute."

¶59. Accordingly, I concur in result only.

**GRAVES, PRESIDING JUSTICE, DISSENTING:**

¶60. I have previously expressed my disagreement with this Court's interpretation and application of the ninety-day-notice requirement and the requirements regarding the contents of a notice of claim under Mississippi Code Section 11-46-11 of the Mississippi Tort Claims Act (MTCA), as well as the sixty-day-notice requirement under Mississippi Code Section

20

15-1-36(15) of the Medical Malpractice Tort Reform Act (MMTRA). *See **Bunton v. King***, 995 So. 2d 694, 697-98 (Miss. 2008) (Graves, J., dissenting) (addressing Section 11-46-11(1)); ***Arceo v. Tolliver***, 949 So. 2d 691, 698-704 (Miss. 2006) (Graves, J., dissenting) (addressing Section 15-1-36(15)); ***Fairley v. George County***, 871 So. 2d 713, 718-28 (Miss. 2004) (Easley, J., concurring) (addressing section 11-46-11(2)). Today, I write to state my disagreement with this Court's interpretation and application of the requirements regarding the contents of a notice of claim under Section 15-1-36(15) of the MMTRA.

¶61.     Section 15-1-36(15) states, in relevant part: "No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered." Miss. Code Ann. § 15-1-36(15) (Rev. 2003). The majority properly notes that this Court reviews the contents of notices of claim under Section 15-1-36(15) for substantial compliance. Maj. Op. ¶ 17. However, the majority finds that Myrtis Tolliver's February 28, 2007, notice of claim failed to comply with the content requirements in Section 15-1-36(15). Maj. Op. ¶ 31. I disagree.

¶62.     Tolliver's notice of claim stated the following:

> This letter is being sent pursuant to Section 15-1-36(15) of the Mississippi Code of 1972, as amended. This letter is to inform you of our intention to file suit on behalf of Tommie Tolliver. The basis of the suit is negligence.
> Should you wish to discuss an amicable resolution of this matter, do not hesitate to call.

¶63.     Tolliver argues that her notice of claim was adequate. Moreover, she maintains that the notice-of-claim letter was unnecessary, given the fact that litigation concerning these claims has been ongoing since June 2004. *See **Arceo***, 949 So. 2d at 692. She asserts that Dr.

Arceo and St. Dominic-Jackson Memorial Hospital were fully aware of the legal bases of her claims and the types of loss sustained, including the nature of the injuries suffered. Tolliver is correct. She should not have been required to provide notice of her claims – particularly under the facts of this case. The defendants do not dispute that they had full knowledge and actual notice of the nature of her claims against them.

¶64. Even assuming arguendo that Tolliver was required to send a notice of claim, she adequately provided notice of her claims to the defendants. This becomes especially clear when one considers the fact that, when the defendants received Tolliver's notice of claim, they had been actively defending against Tolliver's wrongful-death-related negligence claims for more than two years and eight months. *See Arceo*, 949 So. 2d at 692. As Tolliver rightly states on appeal, "it would be preposterous to believe that any of the letter's recipients, either the named Defendant or the Defendants' counsel, did not know precisely the subject matter to which the [notice-of-claim] letter pertained."

¶65. The majority notes that "there are no exceptions to providing notice" and to providing "information sufficient to fulfill the statutory notice purposes," but, here, Tolliver has provided information sufficient to fulfill the relevant statutory purposes. Maj. Op. ¶ 20. This Court has held that "[t]he purpose of the [Mississippi Tort Claims] Act is to insure that governmental boards, commissioners, and agencies are informed of claims against them. Such notice encourages entities to take corrective action as soon as possible when necessary; encourages pre-litigation settlement of claims; and encourages more responsibility by these agencies." *Lee v. Mem'l Hosp.*, 999 So. 2d 1263, 1266 (Miss. 2008) (quoting *Reaves ex rel.*

22

***Rouse v. Randall***, 729 So. 2d 1237, 1240 (Miss. 1998))[10]. In addition, this Court has also stated that:

> The purpose of the notice statute [in the MTCA] being to advise the city of the accident so that it may promptly investigate the surrounding circumstances, we see no need to endorse a policy which renders the statute a trap for the unwary *where such purpose has in fact been satisfied.*
>
> Thus, a notice is sufficient if it substantially complies with the content requirements of the statute. *What constitutes substantial compliance*, while not a question of fact but one of law, *is a **fact-sensitive determination**.* In general, a notice that is filed within the [requisite] period, informs the municipality of the claimant's intent to make a claim and *contains sufficient information which reasonable [sic] affords the municipality an opportunity to promptly investigate the claim* satisfies the purpose of the statute and will be held to substantially comply with it.

***Carr v. Town of Shubuta***, 733 So. 2d 261, 263 (Miss. 1999) (emphasis added).[11]

¶66. Thus, a notice of claim substantially complies with the notice requirement when it provides sufficient information for the defendant(s) to promptly investigate the claim. It is undeniable that, in this case, the defendants had enough information from the notice to promptly investigate Tolliver's claims. They had actively participated in this lawsuit for more than two-and-a-half years, during which time, they had received a complaint and two amended complaints setting out Tolliver's claims and had filed a responsive pleading. *See Arceo*, 949 So. 2d at 692-93, 693 n.1. The majority places great emphasis on the fact that

---

[10] Although ***Lee*** and ***Reaves*** are MTCA cases, as the majority states, "[t]his Court repeatedly has applied the same standards of construction and application to the Medical Malpractice Tort Reform Act as those applied to the Mississippi Tort Claims Act." Maj. Op. ¶ 16.

[11] Again, although ***Carr*** is an MTCA case, as the majority states, "[t]his Court repeatedly has applied the same standards of construction and application to the Medical Malpractice Tort Reform Act as those applied to the Mississippi Tort Claims Act." Maj. Op. ¶ 16.

Section 15-1-36(15) makes no exception for cases in which the defendant(s) had actual notice of the plaintiff's claims, as is the case here. This flies in the face of the statutory purpose of providing notice to an MMTRA (or MTCA) defendant before suing her. *See Carr*, 733 So. 2d at 263; *Lee*, 999 So. 2d at 1266. In addition, by overlooking the fact that Dr. Arceo and St. Dominic-Jackson Memorial Hospital had actual notice and knowledge of Tolliver's claims against them, the majority ignores the fact that the determination of whether a notice of claim substantially complies is a fact-sensitive determination. *See Carr*, 733 So. 2d at 263. Today's majority opinion is in direct conflict with *Carr* and *Lee*.

¶67. Furthermore, the conclusion reached by the majority today belies its claim that it is truly applying a substantial-compliance standard. The majority is, in actuality, strictly construing the requirement that the notice of claim include the information set out in Section 15-1-36(15) – without taking into consideration the particular facts of this case, including the fact that the defendants knew exactly what Tolliver's claims and injuries were. Maj. Op. ¶ 12. Tolliver's notice of claim substantially complied with Section 15-1-36(15). In other words, there was "[s]ufficient information . . . contained in the notice so as to permit the recipient to make a reasonable investigation of the claims being made." Maj. Op. ¶ 17 (citing *Lee v. Mem'l Hosp.*, 999 So. 2d at 1267 (Miss. 2008)). Therefore, I disagree with the majority's finding that Tolliver's notice of claim did not substantially comply with the content requirements set out in Section 15-1-36(15). The trial court's dismissal of Tolliver's claims for failure to substantially comply with Section 15-1-36(15) was not proper. I would reverse and remand.

**KITCHENS, J., JOINS THIS OPINION.**