# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-CA-01703-SCT

*NORMAN Q. THOMAS, JR., INDIVIDUALLY AND*
*ON BEHALF OF WILLIAM THOMAS AND ANNA*
*THOMAS, TWO MINORS*

*v.*

*CLARK G. WARDEN, M.D.*

| | |
|---|---|
| DATE OF JUDGMENT: | 08/28/2006 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | L. BRELAND HILBURN |
| | CARROLL LOUIS CLIFFORD, IV |
| | PATRICK JOSEPH SCHEPENS |
| | ROGER LANE McGEHEE, JR. |
| ATTORNEYS FOR APPELLEE: | STUART BRAGG HARMON |
| | KRISTOPHER ALAN GRAHAM |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | AFFIRMED IN PART; REVERSED AND RENDERED IN PART - 12/11/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2007-CA-00821-SCT

*NORMAN Q. THOMAS, JR., INDIVIDUALLY AND*
*ON BEHALF OF WILLIAM THOMAS AND ANNA*
*THOMAS, TWO MINORS*

*v.*

*MISSISSIPPI BAPTIST MEDICAL CENTER AND*
*CLARK G. WARDEN, M.D.*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/09/2007 |
| TRIAL JUDGE: | W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |

ATTORNEYS FOR APPELLANT:    L. BRELAND HILBURN
    CARROLL LOUIS CLIFFORD
    PATRICK JOSEPH SCHEPENS
    ROGER LANE McGEHEE, JR.
ATTORNEYS FOR APPELLEE:    EUGENE RANDOLPH NAYLOR
    ELIZABETH G. HOOPER
NATURE OF THE CASE:    MEDICAL MALPRACTICE
DISPOSITION:    AFFIRMED IN PART; REVERSED AND RENDERED IN PART - 12/11/2008
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**DICKINSON, JUSTICE, FOR THE COURT**:

¶1.    This is a medical-negligence case which was dismissed by the trial court prior to adjudication of the merits because the plaintiff failed to comply with clear statutory requirements. We affirm in part and reverse and render in part.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2.    The facts necessary to address the issues before us are essentially undisputed. On October 1, 2002, Dr. Clark G. Warden performed a duodenal switch bariatric surgery on Melinda Thomas at Ocean Springs Hospital. Due to complications, Thomas was admitted to Mississippi Baptist Medical Center ("MBMC"), where she died on September 7, 2003.

¶3.    On September 6, 2005, Norman Q. Thomas, Jr. ("Mr. Thomas"),[1] sent a pre-suit notice letter to MBMC and Dr. Warden. We are not told when MBMC received its notice. The notice addressed to Dr. Warden was returned, and Mr. Thomas sent another notice to a different address, but we are told that Dr. Warden received notice on October 24, 2005.

_____

[1]Norman Thomas provided notice and filed suit individually, and on behalf of two minor children, William Thomas and Anna Thomas. We are not told of the relationship of any of these three individuals to the decedent, Melinda Thomas.

2

¶4.    On November 4, 2005, Mr. Thomas filed suit against MBMC and Dr. Warden.[2] MBMC filed its answer on December 20, 2005, raising as affirmative defenses the "plaintiffs' failure to comply with § 11-1-58," and "plaintiffs' failure to comply with conditions precedent to the initiation of litigation."

¶5.    On January 3, 2006, Mr. Thomas filed a certificate of compliance with Mississippi Code Annotated Section 11-1-58, and on January 31, 2006, Dr. Warden filed a motion to dismiss the complaint, alleging that the plaintiffs failed to wait sixty days after notice before filing suit, as required by Mississippi statutory law.

¶6.    On January 31, 2006, Dr. Warden noticed his motion to dismiss for a hearing to be held on March 27, 2006.  On August 28, 2006, the trial court granted Dr. Warden's motion to dismiss.

¶7.    On October 17, 2006, MBMC filed its Motion to Dismiss or, in the Alternative, for Summary Judgment.  On March 9, 2007, the trial court granted MBMC's motion, with prejudice, finding Thomas failed to strictly comply with Mississippi Code Annotated Section 11-1-58 by not including a certificate of expert consultation with the complaint, and with Section 15-1-36(15) by not providing sixty days notice of the action to the defendants. Thomas appealed as to each defendant, and the appeals were consolidated.

## ANALYSIS

¶8.    Thomas raises the following five issues on appeal:

    I.    Whether the trial court erred in its determination that Miss. Code Ann.§ 11-1-58 and Miss. Code Ann. § 15-1-36(15) are facially valid as the statutes did not violate the Separation of Powers Clause of the

---

[2]We are not told if, or when, process was served on either defendant.

Mississippi Constitution of 1890 by unconstitutionally usurping judicial rulemaking power.

II.   Whether the trial court erred in its determination that strict compliance is the appropriate standard of compliance, pursuant to Miss. Code Ann. § 11-1-58.

III.  Whether the trial court erred in its determination that Miss. Code Ann. § 15-1-36(15) is facially valid and that it does not violate the plaintiff's constitutional rights to open courts pursuant to the Mississippi Constitution of 1890.

IV.   Whether the trial court erred in its determination that strict compliance is the appropriate standard of compliance, pursuant to Miss. Code Ann. § 15-1-36(15).

V.    Whether the trial court erred in its determination that Miss. Code Ann. § 11-1-58 and § 15-1-36(15) did not impinge on the plaintiff's fundamental rights to open and accessible courts in violation of the equal protection clauses of the Mississippi and United States Constitutions.

¶9.    Our recent decision in ***Wimley v. Reid***, 991 So. 2d 135 (Miss. 2008), is dispositive of a portion of Thomas's first issue, and of issue two.  We shall analyze issue one by first addressing Section 11-1-58, and then Section 15-1-36(15).

*Section 11-1-58*

¶10.   Mississippi Code Annotated section 11-1-58 provides, in relevant part:

> (1)  In any action against a licensed physician, health care provider or health care practitioner for injuries or wrongful death arising out of the course of medical, surgical or other professional services where expert testimony is otherwise required by law, the complaint shall be accompanied by a certificate executed by the attorney for the plaintiff declaring that:
>
> > (a)  The attorney has reviewed the facts of the case and has consulted with at least one (1) expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to

4

> give expert testimony as to standard of care or negligence and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action.
> . . . .

Miss. Code Ann. §11-1-58(1)(a) (Supp. 2008).

¶11.    In *Wimley*, the issue was whether a complaint should be dismissed where the plaintiff failed to attach a certificate or waiver as required by Section 11-1-58. We held that

> a complaint, otherwise properly filed, may not be dismissed, and need not be amended, simply because the plaintiff failed to attach a certificate or waiver. To the extent *Walker* [*v. Whitfield Nursing Ctr., Inc.*, 931 So. 2d 583, 591 (Miss. 2006)] and its progeny hold otherwise, they are hereby overruled.

*Wimley*, 991 So. 2d at 138. In so holding, we stated that

> we are unable to ignore the constitutional imperative that the Legislature refrain from promulgating procedural statutes which require dismissal of a complaint, and particularly a complaint filed in full compliance with the Mississippi Rules of Civil Procedure. We find *Section 11-1-58's* requirement that a complaint be accompanied by a certificate or waiver to be just such a procedural statute.

*Id.*

¶12.    *Wimley* is dispositive of this issue. The trial court was in error, insofar as it based its dismissal of Thomas's complaint on his failure to include a certificate of compliance with the complaint.

*Section 15-1-36(15)*

¶13.    The second argument presented in Thomas' first issue on appeal, and the arguments presented in his remaining issues on appeal, pertain to the constitutionality of Section 15-1-

5

36, and whether this Court should require strict compliance with that statute's notice requirement. Mississippi Code Annotated Section 15-1-36(15) states:

> No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action. No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered. If the notice is served within sixty (60) days prior to the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others. This subsection shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name.

Miss. Code Ann. §15-1-36(15) (Rev. 2003).

¶14. In *Pitalo v. GPCH-GP, Inc*., 933 So. 2d 927 (Miss. 2006), we affirmed a trial court's dismissal of a complaint for failure to comply with the notice requirements of Section 15-1-36(15). In so doing, we held that "this Court will apply the plain meaning of the statute." *Id*. at 929. We further noted:

> When drafting Miss. Code Ann. Section 15-1-36(15), the Legislature did not incorporate any given exceptions to this rule which would alleviate the prerequisite condition of prior written notice. Simply stated, "shall" is mandatory, while "may" is discretionary.

*Id*. (internal citations omitted). *See also Arceo v. Tolliver*, 949 So. 2d 691 (Miss. 2006) (citing *Pitalo*, with approval).

¶15. The reasoning set forth in both *Pitalo* and *Arceo* is applicable to today's case. Section 15-1-36(15) clearly and unambiguously states that "[n]o action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action." Miss. Code Ann.

6

§ 15-1-36(15) (Rev.2003). Thus, because the defendants in this case did not have "sixty (60) days' prior written notice of the intention to begin the action," this lawsuit was not lawfully filed, and it is of no legal effect.

¶16.    The separate opinion states:  "Thomas maintains the sixty days would have expired on Saturday, November 5, 2005, but that the statute of limitations was going to expire on Sunday, November 6, 2005, so the complaint was filed on Friday, November 4, 2005." Sep. Op. ¶ 42. It is surprising that the author of the separate opinion is persuaded to any degree by this absurd argument.  Mississippi Rule of Civil Procedure 6(a) clearly provides:

> In computing any period of time prescribed or allowed by. . . any applicable statute, the day of the act, event, or default . . . shall not be included.  The last day of the period so computed shall be included, *unless* it is . . . a Sunday . . . in which event the period runs until the end of the next day which is not a Saturday, a Sunday, a legal holiday, or any other day when the courthouse or the clerk's office is closed.

Miss. R. Civ. P. 6(a) (emphasis added).  Thus, the complaint could have been filed on Monday, November 7, 2005.

¶17.    Some argue that strictly enforcing the statute's sixty-day notice requirement before the right to file suit ripens is unfair.  Such arguments should be made to the Legislature, which made the rule.  Our constitutional duty is to interpret and apply the law as it is written, not as we think it might have been more fairly written.

¶18.    Our duty does, however, require that we set aside statutory provisions which violate the Mississippi or federal constitution.  Thomas asserts that Section 15-1-36(15) directly conflicts with Section 24 of the Mississippi Constitution, which guarantees "[a]ll courts shall be open . . . and justice shall be administered without sale, denial, or delay," because the

7

sixty-day notice requirement impedes or delays citizens' access to courts. We previously addressed this concern in *Arceo*, in which Justice Carlson, writing for the majority, stated:

> "There is no absolute right of access to the courts. All that is required is a *reasonable* right of access to the courts - a reasonable opportunity to be heard." ***Wayne v. Tenn. Valley Auth.***, 730 F.2d 392, 403 (5th Cir. 1984) (cited with approval in ***Townsend*** [***v. Estate of Gilbert***], 616 So. 2d 333, 337 (Miss. 1993)). While the right under our state and federal constitutions to access to our courts is a matter beyond debate, this right is coupled with responsibility, including the responsibility to comply with legislative enactments, rules, and judicial decisions. While the plaintiff in today's case had the constitutional right to seek redress in our state courts for the unfortunate death of her daughter, she likewise had the responsibility to comply with the applicable rules and statutes, including section 15-1-36(15). Any different approach would render meaningless any rule or statute setting time limitations on litigants.

*Arceo*, 949 So. 2d at 697.

¶19.	Thomas also asserts that Section 15-1-36(15) violates the Separation of Powers Clause of the Mississippi Constitution by unconstitutionally usurping judicial rule-making power. Thomas further asserts that the notice requirement in Section 15-1-36(15) conflicts with Rule 3 of the Mississippi Rules of Civil Procedure, which sets out the procedure for the commencement of an action, and which contains no such notice requirement. Thomas finally asserts that the notice requirement suspends application of the Mississippi Rules of Civil Procedure with regard to medical-malpractice plaintiffs, who have a constitutionally protected right to file a complaint and preserve their rights and claims on the date of accrual just like any other tort victim.

¶20.	These arguments are without merit. While it is true that the rules governing litigation in Mississippi courts are within this Court's purview, Section 15-1-36(15)'s notice requirement is a pre-suit prerequisite to a claimant's right to file suit. The statute clearly

8

provides that "no action . . . may be begun" until the notice requirement is met. The Legislature's authority to make law gives way to this Court's rule-making authority when the suit is filed, not before.

¶21. Although *Wimley* addressed a different statute, we nevertheless addressed in that case the constitutionality of statutory pre-suit requirements:

> We hasten to say that our holding today has no effect on the constitutionality or applicability of other provisions or requirements of Section 11-1-58. Indeed, we guard just as diligently the Legislature's prerogative to set forth in legislation whatever substantive, pre-suit requirements for causes of action, and prerequisites to filing suit, it deems appropriate . . . . As stated, pre-suit requirements are clearly within the purview of the Legislature, and do not encroach upon this Court's rule-making responsibility. Indeed, we consistently have held that the Legislature has authority to establish presuit requirements as a condition precedent to filing particular kinds of lawsuits.

*Wimley,* 991 So. at 139.

¶22. Because Thomas failed to provide a sixty-day notice as required by Section 15-1-36(15), we must affirm the trial court's dismissal of the complaint. However, we hold that the trial court had no authority to enter judgment on behalf of either defendant, as no argument on the merits was presented by either defendant. The complaint should have simply been dismissed, without prejudice.

**CONCLUSION**

¶23. The trial court erred in granting judgment to the defendants and in dismissing the complaint for the plaintiff's failure to file with the complaint a certificate of compliance as required by Section 11-1-58. Although the trial court erred in granting summary judgment to either defendant, the trial court's dismissal of the complaint for the plaintiff's failure to

9

comply with the notice requirement of Section 15-1-36(15) is affirmed. The dismissal, however, should have been without prejudice.[3]

¶24. **AFFIRMED IN PART; REVERSED AND RENDERED IN PART**.

      **SMITH, C.J., WALLER, P.J., CARLSON, RANDOLPH AND LAMAR, JJ., CONCUR. GRAVES, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY DIAZ, P.J., AND EASLEY, J.**

      **GRAVES, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶25. I agree with the majority of this Court that ***Wimley v. Reid***, 991 So. 2d 135 (Miss. 2008), is dispositive of the issues pertaining to Mississippi Code Annotated Section 11-1-58. However, I disagree with the majority's finding affirming the trial court's dismissal of the complaint for failure to provide notice pursuant to Section 15-1-36(15). Because the issues raised by Thomas have merit, I would find that this matter should be reversed and remanded. Therefore, I respectfully concur in part and dissent in part.

¶26. When reviewing a trial court's grant or denial of a motion to dismiss or a motion for summary judgment, this Court applies a de novo standard of review. ***Burleson v. Lathem***, 968 So. 2d 930, 932 (Miss. 2007). *See also* ***Monsanto Co. v. Hall,*** 912 So. 2d 134, 136 (Miss. 2005); ***Saucier v. Biloxi Reg'l Med. Ctr.***, 708 So. 2d 1351, 1354 (Miss. 1998); and Miss. R. Civ. P. 56(c). "When considering a motion to dismiss, the allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his

---

[3]This opinion should not be read as dispositive of whether the statute of limitations has, or has not, expired. We do not today address that issue, and hold only that the suit was filed prematurely.

claim." **Burleson** 968 So. 2d at 932 (quoting **Scaggs v. GPCH-GP, Inc.**, 931 So. 2d 1274, 1275 (Miss. 2006)).

¶27. In reviewing a grant or denial of a motion for summary judgment, this Court must examine all the evidentiary matters before it. **Monsanto**, 912 So. 2d at 136. "The movant carries the burden of demonstrating that no genuine issue of material fact exists, and the non-moving party is given the benefit of the doubt as to the existence of a material fact. . . . If no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in that party's favor." **Id.**

¶28. An order denying a motion for relief from judgment pursuant to Rule 60(b) is reviewed under an abuse-of-discretion standard. **Stringfellow v. Stringfellow**, 451 So. 2d 219, 221 (Miss. 1984). *See also* **Montgomery v. Montgomery**, 759 So. 2d 1238, 1240 (Miss. 2000).

¶29. Mississippi Code Annotated section 11-1-58 provides, in relevant part:

> (1) In any action against a licensed physician, health care provider or health care practitioner for injuries or wrongful death arising out of the course of medical, surgical or other professional services where expert testimony is otherwise required by law, the complaint shall be accompanied by a certificate executed by the attorney for the plaintiff declaring that:
>
> > (a) The attorney has reviewed the facts of the case and has consulted with at least one (1) expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to standard of care or negligence and who the attorney reasonably believes is knowledgeable in the relevant issues involved in the particular action, and that the attorney has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of such action. . . .

Miss. Code Ann. §11-1-58(1)(a) (Supp. 2008).

¶30. With regard to issue II and portions of issues I and V, this Court's recent decision in *Wimley v. Reid*, 991 So. 2d 135 (Miss. 2008), is dispositive. In *Wimley*, this Court found strict compliance to be an inappropriate standard for Section 11-1-58 and held that a complaint otherwise properly filed cannot be dismissed because of the failure to attach a certificate of expert consultation. *Id.* Specifically, this Court held:

> Accordingly, we hold that a complaint, otherwise properly filed, may not be dismissed, and need not be amended, simply because the plaintiff failed to attach a certificate or waiver. To the extent *Walker* [*v. Whitfield Nursing Ctr., Inc.*, 931 So. 2d 583, 591 (Miss. 2006)] and its progeny hold otherwise, they are hereby overruled.

*Id*. at 138. In so holding, this Court said:

> [W]e are unable to ignore the constitutional imperative that the Legislature refrain from promulgating procedural statutes which require dismissal of a complaint, and particularly a complaint filed in full compliance with the Mississippi Rules of Civil Procedure. We find *Section 11-1-58's* requirement that a complaint be accompanied by a certificate or waiver to be just such a procedural statute.

*Id*. Moreover, this Court found that Section 11-1-58 conflicts with Rule 8 of the Mississippi Rules of Civil Procedure. *Id*.

¶31. Accordingly, this matter should be reversed as it pertains to Section 11-1-58 in issues I, II and V.

¶32. The remainder of the issues raised on appeal pertain to Mississippi Code Annotated Section 15-1-36(15), which states:

> No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action. No particular form of notice is required, but it shall notify the defendant of the legal basis of the claim and the type of loss sustained, including with specificity the nature of the injuries suffered. If the notice is served within sixty (60) days prior to the

12

expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others. This subsection shall not be applicable with respect to any defendant whose name is unknown to the plaintiff at the time of filing the complaint and who is identified therein by a fictitious name.

Miss. Code Ann. §15-1-36(15) (Rev. 2003).

¶33.   In *Arceo v. Tolliver*, 949 So. 2d 691 (Miss. 2006), this Court found that Section 15-1-36(15) should be strictly construed and that Tolliver's claim should have been dismissed because no notice was provided under the statute. However, this Court further found that the constitutionality of this section was not raised on appeal and it was therefore not addressed. Specifically, as to strict versus substantial compliance, this Court said:

> However, with all due respect to the dissent, today's case does not involve a question of whether the plaintiff complied with section 15-1-36(15) by submitting a notice containing information which was substantial enough to be in compliance with the statute. . . . Instead, we are squarely confronted with a situation where the plaintiff, in filing an original complaint, a first amended complaint, and a second amended complaint, wholly failed to submit *any notice* required by the statute.

*Arceo,* 949 So. 2d at 697.

¶34.   *Arceo* is distinguishable because, in the instant case, the constitutionality of the section has been raised. Moreover, notice was provided, thus allowing an inquiry of whether such notice substantially complied with the requirements of the statute.

¶35.   Specifically, Thomas asserts that Section 15-1-36(15) violates the Separation of Powers Clause of the Mississippi Constitution by unconstitutionally usurping judicial rule-making power. Thomas asserts that the notice requirement in Section 15-1-36(15) conflicts

13

with Rule 3 of the Mississippi Rules of Civil Procedure, which sets out the procedure for the commencement of an action and contains no such notice requirement.

¶36. "[T]he inherent power of this Court to promulgate procedural rules emanates from the fundamental constitutional concept of the separation of powers and the vesting of judicial powers in the courts." *Claypool v. Mladineo*, 724 So. 2d 373, 380 (Miss. 1998). *See also Newell v. State*, 308 So. 2d 71, 76 (Miss. 1975). Section 144 of the Mississippi Constitution says: "The judicial power of the State shall be vested in a Supreme Court and such other courts as are provided for in this Constitution." Miss. Const. art. 6, § 144. There is no additional notice requirement in the judicial rules.

¶37. Thomas asserts that Section 15-1-36(15) directly conflicts with section 24 of the Mississippi Constitution which guarantees "[a]ll courts shall be open . . . and justice shall be administered without sale, denial, or delay" because the sixty-day notice requirement impedes or delays citizens' access to courts.[4] Thomas also asserts that the notice requirement suspends application of the Mississippi Rules of Civil Procedure with regard to medical-malpractice plaintiffs, who have a constitutionally protected right to file a complaint and preserve their rights and claims on the date of accrual just like any other tort victim. I agree that a statute requiring a party to wait sixty days after providing notice constitutes a delay. Moreover, Thomas has a First Amendment right to seek a redress of his grievances in a court of law. U.S. Const. amend. I.

¶38. Further, Thomas asserts that the right to open and accessible courts is a fundamental right, and unless there is a compelling state interest in support of dismissing viable claims

---

[4] Miss. Const. art. 3, §24.

14

over procedural mistakes, then Section 15-1-36(15) should be found unconstitutional as violating the both the Mississippi and United States Constitutions.

¶39.    I would find that Section 15-1-36(15) is a procedural statute requiring sixty days' notice and that this Court's finding in *Wimley* as to section 11-1-58 is likewise applicable here.  As stated above herein, in *Wimley*, this Court found:

> [W]e are unable to ignore the constitutional imperative that the Legislature refrain from promulgating procedural statutes which require dismissal of a complaint, and particularly a complaint filed in full compliance with the Mississippi Rules of Civil Procedure.  We find Section 11-1-58's requirement that a complaint be accompanied by a certificate or waiver to be just such a procedural statute.

*Wimley*, 991 So. 2d at 138.

¶40.    Further, the dissent in *Arceo* correctly addressed the implications of Section 15-1-36(15):

> The law, as interpreted by the majority, definitely is not in keeping with this principle [of freedom of access to the courts], but is in fact irrational, illogical, and unfair to those Mississippians seeking a redress of their grievance in a medical malpractice claim.  Furthermore, the application of the pre-suit notice requirement, as interpreted by the majority, unnecessarily restricts access to the courts.  The constitutional right of notice to the defendants was satisfied when Myrtis Tolliver filed her complaint.  The implementation and enforcement of an additional notice requirement, without any other method to cure, is inequitable, unconstitutional, and deprives this plaintiff of her day in court.

*Arceo*, 949 So. 2d at 699, 700 (Graves, J., dissenting).

¶41.    For these reasons, I would find that Section 15-1-36(15) is unconstitutional.

¶42.    Alternatively, Thomas asserts that this Court should find that Section 15-1-36(15) requires only substantial compliance and not strict compliance, and that neither defendant can establish any prejudice as a result of any procedural errors.  While I do not concede that

15

the statute is constitutional, I will address Thomas' alternate contention. Thomas maintains the sixty days would have expired on Saturday, November 5, 2005, but that the statute of limitations was going to expire on Sunday, November 6, 2005, so the complaint was filed on Friday, November 4, 2005. Thomas asserts that process was not served until well after the sixty-day-notice period. Additionally, Thomas asserts that any attempt to analogize this statute with the Mississippi Tort Claims Act (MTCA) is inappropriate because Section 15-1-36(15) limits victims' rights that were previously available at common law, whereas the MTCA expands victims' rights where they previously had none under sovereign immunity. Further, Thomas points to the language in the statute providing for the inapplicability of the statute to a defendant whose name is not known as an indication against a standard of strict compliance.

¶43. Based on the language quoted herein from *Arceo* regarding substantial compliance, the wording of the statute and the fact that notice was indeed provided here, the appropriate inquiry is whether Thomas substantially complied. Given that the complaint was filed only one day early to avoid a statute-of-limitations problem, Thomas clearly substantially complied.

¶44. For the reasons stated herein, I would find that this matter should be reversed and remanded to the trial court. Therefore, I respectfully concur in part and dissent in part.

**DIAZ, P.J., AND EASLEY, J., JOIN THIS OPINION.**