MYERS, P.J.,
 

 for the Court.
 

 ¶ 1. Zeonia Williams (Williams), individually and on behalf of the wrongful death beneficiaries of Anthony Williams (Anthony), appeals the grant of summary judgment by the Circuit Court of Hinds County. Finding that the circuit court properly granted summary judgment and dismissed Williams’s complaint based upon the failure to comply with Mississippi Code Annotated section 15-1-36(15) (Rev.2003), we accordingly affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Anthony died on September 24, 2003, while undergoing treatment from Drs. Deborah Skelton and Steven J. Patterson. On June 15, 2005, Drs. Skelton and Patterson were notified by letter that Williams, had retained counsel to pursue a wrongful death claim against persons involved in Anthony’s medical care. Less than sixty days later, on July 22, 2005, a complaint was filed in the Hinds County Circuit Court against Drs. Skelton and Patterson, alleging that medical negligence was the proximate cause of Anthony’s death. Process was served on October 19, 2005. Drs. Skelton and Patterson timely answered and also moved for summary judgment, arguing that the plaintiffs failed to comply with the sixty-day notice requirement found in Mississippi Code Annotated section 15-1-36(15). The motion for summary judgment was granted and the complaint was dismissed on December 14, 2006. This appeal followed.
 

 STANDARD OF REVIEW
 

 ¶ 3. We are to employ the de novo standard in review of a trial court’s grant or denial of a motion for summary judgment.
 
 Arceo v. Tolliver,
 
 949 So.2d 691, 694(¶ 6) (Miss.2006).
 

 DISCUSSION
 

 WHETHER THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT AND DISMISSING THE COMPLAINT BASED UPON THE FAILURE TO COMPLY WITH THE NOTICE REQUIREMENTS OF MISSISSIPPI CODE ANNOTATED SECTION 15-1-36(15).
 

 ¶ 4. Williams asserts that the trial court improperly granted summary judgment based upon the failure to comply with the notice requirements found within Mississippi Code Annotated section 15-1-36(15) prior to filing suit. Specifically, Williams argues that, although the complaint was filed prior to the expiration of the sixty-day period, the defendants had actual notice of the claim against them for the requisite period of time because process was not served until after the sixty-day waiting period. Thus, Williams seeks reinstatement of her lawsuit, asserting her substantial compliance with the statutory notice requirements.
 
 [1]
 

 
 *435
 
 ¶ 5. Suits filed against health-care providers after January 1, 2003, are limited by the prerequisite found in Mississippi Code Annotated section 15-1-36(15). This section creates a pre-filing notice requirement, providing in pertinent part: “No action based upon the health care provider’s professional negligence may be begun unless the defendant has been given at least sixty (60) days’ prior written notice of the intention to begin the action.” Compliance with the pre-filing notice rule of section 15-1-36(15) tolls the applicable statute of limitations in which “the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others.” Miss.Code Ann. § 15-1-36(15). Our supreme court has required strict compliance with the mandates of Mississippi Code Annotated section 15-1-36 such that failure to satisfy the pre-suit notice requirement mandates dismissal of the plaintiffs complaint.
 
 Arceo,
 
 949 So.2d at 695(¶ 8);
 
 Pitalo v. GPCH-GP, Inc.,
 
 933 So.2d 927, 929 (¶¶ 5-7) (Miss.2006).
 

 ¶ 6. The undisputed facts reveal that Williams’s notice of intent to sue was sent to the doctors on June 15, 2005. Suit was filed on July 22, 2005, only thirty-seven days after sending the notice of intent to sue. The premature filing of the suit was in violation of the mandates of section 15-1-36(15), despite the complaint not being served on Drs. Skelton and Patterson until October 19, 2005. Section 15-1-36(15) specifically provides that
 
 commencement of the suit,
 
 as distinguished from the service of process, cannot begin until after sixty days have passed since the defendants were given notice of the intention to sue. Because Williams did not comply with the requisite sixty-day waiting period provided in Mississippi Code Annotated section 15-1-36(15), the lawsuit for medical negligence was properly dismissed. Accordingly, we find that the trial court did not err in granting summary judgment in favor of Drs. Skelton and Patterson.
 

 ¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE, P.J., CHANDLER, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. IRVING, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. GRIFFIS, J., NOT PARTICIPATING.
 

 [1]
 

 . Williams alternatively argues that even if we find the suit was properly dismissed for its failure to comply with the pre-filing requirements, she is entitled to re-file the suit be
 
 *435
 
 cause the statute of limitations was tolled. Our review of the record indicates that the trial judge specifically declined to rule within the judgment of dismissal with regard to the propriety of a subsequent suit. Therefore, without a trial court ruling on this issue, the matter is not properly before this Court at this time.