RANDOLPH, Justice,
Concurring in Result Only.
¶ 51. I agree with the Majority that Tolliver’s suit should have been dismissed with prejudice. However, I reject the Majority’s determination that this “situatio[n] falls within the purview of the remedial savings clause.” A “duly commenced” action is essential to trigger application of the “savings statute.” Miss.Code Ann. § 15-1-69 (Rev.2003). In the absence of compliance with the pre-suit-notice requirements of Mississippi Code Section 15-1-36(15), a necessary “condition precedent” to filing suit thereunder, Wimley v. Reid, 991 So.2d 135, 139 (Miss.2008), no “duly commenced” action may exist. Miss. Code Ann. § 15-1-69. Therefore, satisfaction of the pre-suit-notice requirements is not a mere “matter of form” (Maj. Op. at ¶ 39), but rather a prerequisite to a “duly commenced” action. Without such notice, the “savings clause” is inapplicable.
¶ 52. Less than one year ago, in Wim-ley, this Court firmly proclaimed that “we guard ... diligently the Legislature’s prerogative to set forth in legislation whatever substantive, pre-suit requirements for causes of action, and prerequisites to filing suit, it deems appropriate.” Wimley, 991 So.2d at 139. This Court elaborated further that
*77 pre-suit requirements are clearly within the purview of the Legislature, and do not encroach upon this Court’s rule-making responsibility. Indeed, we consistently have held that the Legislature has authority to establish presuit requirements as a condition precedent to filing particular kinds of lawsuits. For instance, the Legislature promulgated, and we have enforced, Section 11^16-11(1), which requires that notice be provided to the putative defendant prior to bringing a claim under the Mississippi Tort Claims Act. Miss.Code Ann. § 11— 46-11(1) (Rev.2002). Similarly, the Legislature promulgated, and we have enforced, Section 15-l-36(15)’s requirement of notice prior to bringing a medical-negligence claim. Miss.Code Ann. § 15-1-36(15) (Rev.2003); see e.g. Arceo v. Tolliver, 949 So.2d 691, 693-97 (Miss.2006) (strictly construing and applying statute which requires plaintiffs to give notice before commencing a medical negligence action).
Wimley, 991 So.2d at 139 (emphasis added). See also Thomas v. Warden, 999 So.2d 842, 847 (Miss.2008) (a Section 15-1-36(15) case in which this Court avowed that “[t]he Legislature’s authority to make law gives way to this Court’s rule-making authority when the suit is filed, not before”); Forest Hill Nursing Ctr. v. Brister, 992 So.2d 1179, 1189 (Miss.2008) (“we clearly acknowledged in Wimley the Legislature’s constitutional authority to set out pre-suit requirements....”) (emphasis added).
¶ 53. The sixty-day-notice requirement of Section 15-1-36(15) has been strictly construed by this Court. See Williams v. Skelton, 6 So.3d 428, 430 (Miss.2009) (quoting Williams v. Skelton, 6 So.3d 433, 435 (Miss.Ct.App.2008)) (“[w]e agree with the Court of Appeals that this Court ‘has required strict compliance with the mandates of Mississippi Code Annotated Section 15-1-36 such that failure to satisfy the pre-suit notice requirement mandates dismissal of the plaintiffs complaint’ ”) (emphasis added); Thomas, 999 So.2d at 847 (“[b]ecause Thomas failed to provide a sixty-day notice as required by Section 15-1-36(15), we must affirm the trial court’s dismissal of the complaint”); Brister, 992 So.2d at 1188 (“Mississippi Code Annotated Section 15-1-36(15) clearly states that no action may be begun without prior notice.”) (emphasis added); Saul v. Jenkins, 963 So.2d 552, 554 (Miss.2007) (“Section 15-1-36(15) requires plaintiffs to provide sixty days’ notice of intention to commence an action_”) (emphasis added); Arceo, 949 So.2d at 694-97; Pitalo v. GPCH-GP, Inc., 933 So.2d 927, 929 (Miss.2006) (Section 15-1-36(15) “requires that an action based on professional negligence of a health care provider may not begin unless the defendant has been given at least 60 days prior written notice of the intention to begin the action.”) (emphasis added). Simply stated, “[w]hen drafting Miss.Code Ann. Section 15-1-36(15), the Legislature did not incorporate any given exceptions to this rule which would alleviate the prerequisite condition of prior written notice.” Pitalo, 933 So.2d at 929 (emphasis added). “Section 15-l-36(15)’s notice requirement is a pre-suit prerequisite to a claimant’s right to file suit.” Thomas, 999 So.2d at 847 (emphasis added).
¶54. The Majority acknowledges that the sixty-day-notice requirement of Section 15-1-36(15) is “unambiguous,” and adds that “there are no exceptions to providing notice....” (Maj. Op. at ¶¶ 14, 20). But then the Majority finds that the “dismissal for failure to provide ... statutory notice [in] Tolliver I falls within the parameters of a matter of form such that the savings statute applied_” (Maj. Op. at ¶39) (emphasis added). Finally, the Majority *78 concludes that Tolliver II was “permitted to be filed because of the savings statute.” (Maj. Op. at ¶ 48). The effect of this conclusion is an unspoken repudiation of the proposition that the legislatively-mandated pre-suit-notice requirements of Section 15-1-36(15) constitutes “a condition precedent to filing particular kinds of lawsuits.” Wimley, 991 So.2d at 139 (emphasis added). See also Thomas, 999 So.2d at 846 (“because the defendants in this case did not have ‘sixty (60) days’ prior written notice of the intention to begin the action,’ this lawsuit was not lawfully filed, and it is of no legal effect ”) (emphasis added).
¶ 55. The right to sue is conditioned upon fulfillment of the statutory notice requirement. “It is certainly an undisputable and invariable rule of law that a right of action must be complete when an action therefor is commenced.... ” Crawford Commercial Constructors, Inc. v. Marine Indus. Residential Insulation, Inc., 437 So.2d 15, 16 (Miss.1983) (quoting Ga. Pac. Ry. Co. v. Baird, 76 Miss. 521, 24 So. 195, 196 (1898)). Thus, in the absence of satisfying the statutory notice requirement, the right of action is not complete and, therefore, no “duly commenced” civil action can exist.
¶ 56. To hold otherwise nullifies the legislatively-enacted, pre-suit-notice requirements of Section 15-1-36(15) and repudiates the prior holdings of this very Court. See ¶ 53 supra. Today’s ruling grants litigants license to spurn legislative directives, and rewards those who intentionally fail to follow statutorily-prescribed conduct. “While the right under our state and federal constitutions to access to our courts is a matter beyond debate, this right is coupled with responsibility, including the responsibility to comply with legislative enactments, rules, and judicial decisions.” Arceo, 949 So.2d at 697. Nullification of statutory requirements, absent constitutional infirmity, is a decision for the Legislature, not this Court.
¶ 57. I find the Majority’s description of the interplay between Section 15-1-36(15) and tolling to be confusing at best, inconsistent as stated, following no logical reason and offering no precedent to address the obvious inconsistency. First, the Majority holds that “statutory pre-suit-notice tolling provisions are contingent upon complying with the notice requirements.” (Maj. Op. at ¶24). The reasoning and precedent are clear, as noncompliant notice is “of no legal effect.” (Maj. Op. at ¶ 27) (citing Thomas, 999 So.2d at 846). But then the Majority strays from this foundational reasoning and our easelaw, presumptively declaring that “Tolliver filed suit, though without the required notice, on June 4, 2004, thus tolling the statute of limitation.” (Maj. Op. at ¶ 25) (citing Watters v. Stripling, 675 So.2d 1242, 1244 (Miss.1996)) (emphasis added). In concluding that filing without notice serves to toll the statute of limitations, the Majority is silent as to its first premise, that non-compliant notice is of no legal effect.
¶ 58. Reliance upon Watters is misplaced, as that case is clearly distinguishable. The issue addressed in Watters was “whether an action is properly dismissed if service is not effectuated within 120 days after filing, absent good cause.” Watters, 675 So.2d at 1243. Unlike the pre-suit-notice requirements of Section 15-1-36(15), “clearly within the purview of the Legislature,” Wimley, 991 So.2d at 139, the failure to serve is a subject clearly within the realm of “this Court’s rule-making responsibility.” Id. As such, our precedent dictates that the failure to abide by such pre-suit-notice requirements forecloses the possibility of a “duly commenced,” legally effective complaint. As Tolliver’s complaint “is of no legal effect” *79 (including, inter alia, not “duly commenced”), no consideration should be given to the “savings statute.”
¶ 59. Accordingly, I concur in result only.